IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DONAH HOWARD ARNOLD,

       Plaintiff

v.                                    Case No. 2:13-cv-21892

HONORABLE MICHAEL THORNSBURY, Judge,
MICHAEL SPARKS, Prosecuting Attorney,
STACEY KOHARI, Court Appointed Attorney,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

On August 15, 2013, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 2.) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.)  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity. 28 U.S.C. § 1915A. This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

2

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The plaintiff's Complaint names former Mingo County Circuit Court Judge Michael Thornsbury, former Mingo County Prosecuting Attorney Michael Sparks and attorney Stacey Kohari as defendants. (ECF No. 2 at 1.) The Complaint alleges that, on January 28, 2013, in conjunction with a search of the residence of Wilma Vance, where the plaintiff was staying, the plaintiff and Ms. Vance were arrested on charges of distribution of oxycodone, a Schedule II controlled substance. In the course of the search, law enforcement officials seized a number of motor vehicles belonging to both the plaintiff and Ms. Vance, as well as other items, such as cell phones, debit cards, cash and paperwork that was located in the residence and the vehicles. (*Id.* at 4-5.)

According to the Complaint, the plaintiff was alleged to have engaged in at least two recorded controlled purchases of oxycodone on January 17, 2013 and January 24, 2013. (*Id.* at 6.) The plaintiff denies his involvement with these drug deals and any involvement with the confidential informant. (*Id.* at 6.) The plaintiff was initially represented by attorney Josh Ferrell. However, according to the Complaint, Mr. Ferrell

3

withdrew as counsel after the plaintiff refused a plea offer that was made to him in late February of 2013. Ms. Kohari was subsequently appointed to represent the plaintiff. (*Id.*)

The plaintiff's Complaint alleges that the plaintiff encountered resistance from Ms. Kohari to certain requests the plaintiff made about his defense. In particular, the Complaint states that Ms. Kohari only met with him for a few minutes over a two-month period of time, that she failed to obtain necessary discovery and information from the prosecutor, that she refused to cross-examine witnesses, and that she refused to file motions for hair follicle and polygraph testing of all the witnesses, as requested by the plaintiff. (*Id.* at 6-7.) The Complaint further alleges that Ms. Kohari insisted that the plaintiff accept a plea agreement because he did not have an alibi at the times of the alleged controlled buys. (*Id.* at 7.)

The plaintiff's Complaint further alleges that former Mingo County Circuit Judge Michael Thornsbury refused to order that additional discovery be provided to the plaintiff; in particular, additional information concerning the witnesses and copies of the warrants used on the night of the search and seizures at the Vance house. (*Id.* at 7.) The Complaint further alleges that Judge Thornsbury refused to replace Ms. Kohari, despite his request to change counsel. (*Id.*)

The Complaint further alleges that, prior to his arrest on the subject charges, he and his son have had other charges brought against them in both Mingo and Kanawha Counties, which have all subsequently been dismissed. (*Id.* at 8.) Although his claim(s) for relief are not clearly spelled out, it appears that the plaintiff seeks money damages or "financial restitution" from the defendants. (*Id.* at 9.)

## ANALYSIS

There are numerous reasons that the plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### A.   *Younger* Abstention

First and foremost, this District Court should abstain from exercising subject matter jurisdiction over the plaintiff's claims under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Although the status of the plaintiff's criminal prosecution was not addressed in detail in the Complaint, the undersigned's staff has obtained the docket sheet from the plaintiff's criminal case, *State v. Arnold*, Case No. 13-F-11 (Mingo Co. Cir. Ct.), and determined the following pertinent facts:

The plaintiff was indicted in a three-count indictment in the Circuit Court of Mingo County, which was docketed on January 31, 2013. He was charged with two counts of delivery of a Schedule II controlled substance, and one count of conspiracy to deliver a Schedule II controlled substance. On or about April 30, 2013, the plaintiff pled

5

guilty, pursuant to a written plea agreement, to one count of delivery of a Schedule II controlled substance. An Order summarizing the plea hearing was filed on May 3, 2013. On June 3, 20123, following the preparation of a presentence investigation report, the plaintiff was sentenced to not less than one (1) year nor more than fifteen (15) years in prison, with 131 days of custody credit. The plaintiff's request for probation or an alternate sentence was denied, as was a motion for reduction or reconsideration of sentence. A Commitment Order was entered by the Circuit Court on September 17, 2013. On October 17, 2013, a motion for appointment of counsel to perfect an appeal was filed, which remains pending. Therefore, the plaintiff is still within the time frame in which he may file a direct appeal concerning his conviction and sentence and he may raise any issues related to the constitutionality of his conviction therein.

State criminal prosecutions are certainly important matters of state interest. It would appear to the undersigned that the petitioner's criminal proceedings are still on-going, and that the plaintiff would have adequate opportunity to present any claims related to the conduct of the defendants and the constitutionality of his conviction in the state court proceedings. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge abstain from exercising jurisdiction over the plaintiff's claims and dismiss the plaintiff's Complaint for lack of jurisdiction.

### B. The plaintiff's damages claims are barred by *Heck v. Humphrey*

Furthermore, should the presiding District Judge decide not to abstain from consideration of this matter under *Younger*, obviously, at present, the plaintiff's conviction and sentence have not been overturned or in any way found to have been invalid. In *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994), the Supreme Court held

that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

Thus, because the plaintiff's Complaint seeks damages in a section 1983 suit, and because it appears that his allegations bear on the validity of his conviction and sentence, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

C. **Judicial Immunity**

The plaintiff has named the Honorable Michael Thornsbury, former Judge of the Circuit Court of Mingo County, as a defendant. Concerning the allegations contained in the Complaint, Judge Thornsbury was a judicial officer who was engaged in his official duties in connection with the plaintiff's case. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the

7

litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.

> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* Due to the clear and unequivocal application of absolute judicial immunity, this action should be dismissed with prejudice.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint against defendant Thornsbury fails to state a claim upon which relief can be granted, and is barred by absolute judicial immunity.

### D.    Prosecutorial Immunity

The plaintiff has also named former Mingo County Prosecuting Attorney Michael Sparks as a defendant. However, the Complaint lacks any specific allegations against Mr. Sparks. Furthermore, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions.

In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials.

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at

8

> 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72.

To the extent that the plaintiff's Complaint even contains any specific allegations against Mr. Sparks, it would appear that the actions taken by defendant Sparks with respect to the plaintiff were discretionary decisions related to the initiation and prosecution of the plaintiff's criminal case, for which actions defendant Sparks is absolutely immune, under the holding of *Imbler*. These actions (the presentation to the grand jury, filing of documents, and appearance at a hearing on pretrial motions, entry into a plea agreement) are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendant Sparks is absolutely immune from suit on the plaintiff's claim for damages and, thus, the Complaint fails to state a claim upon which relief may be granted against him.

### E. Stacey Kohari is not a state actor under section 1983.

The plaintiff has also named his court-appointed counsel, Stacey Kohari as a defendant herein. Generally, a public defender or other court-appointed attorney in a state criminal prosecution is not considered to be acting "under color of state law" and, thus, is not amenable to suit under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980). However, in *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), the Supreme Court held that, an otherwise private person acts "under color of state law" when engaged in a conspiracy with state officials to deprive another of federal rights. In *Tower v. Glover*, 467 U.S. 914, 916 (1984), the Court extended the holding in *Sparks* to the circumstances of a public defender's representation of a criminal defendant, and held that "public defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive a § 1983 plaintiff of federal constitutional rights."

The plaintiff's allegations against the defendants, and Ms. Kohari, in particular, do not rise to the level of a conspiracy. Rather, his allegations against Ms. Kohari amount to no more than potential claims of ineffective assistance of counsel, which must be addressed through a writ of habeas corpus. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant Kohari.

### F. The Complaint fails to state any plausible claim

As noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light

most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff's Complaint contains no specific allegations of any violations of his Constitutional or other rights under federal law. He simply makes a conclusory statement that there have been "ongoing problems" with the defendants. The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief.

## RECOMMENDATION

The plaintiff's state criminal proceedings are still on-going. Accordingly, because he may address his claims through the state court proceedings, this court should abstain from exercising jurisdiction over this matter under *Younger, supra*. Moreover, the plaintiff has stated no more than conclusory allegations that cannot withstand scrutiny under *Twombly* and *Iqbal*, *supra*., and assert claims for monetary damages from defendants who are immune therefrom. Furthermore, as noted above, the plaintiff's claims concerning his conviction must first be addressed through a petition for a writ of habeas corpus, which must be properly exhausted through the state post-conviction habeas corpus procedures before they may be brought in this federal court. And, as noted previously herein, the plaintiff is not entitled to pursue a claim for damages, unless and until his conviction has been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2.), pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1.), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

November 5, 2013

Dwane L. Tinsley
United States Magistrate Judge